IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL CASE NUMBER: |
| v. | : | 1:14-CR-0008-CAP-JSA |
| | : | |
| CURTIS JONES | : | |

# REPORT AND RECOMMENDATION

On January 28, 2014, Defendant Curtis Jones filed a Motion to Suppress "All Evidence" obtained in the case. Motion [27]. Subsequently, at the February 6, 2014, pre-trial conference, the Defendant orally particularized the specific evidence at issue, that is, the warrantless search of several cellular telephones seized at the time of Defendant's arrest. The Court held an evidentiary hearing on March 31, 2014 [58] [59] [62].

In the meantime, the Supreme Court accepted *certoriari* in two cases for the purpose of determining whether police may conduct a warrantless search of cellular phones obtained during a search incident to a Defendant's arrest. The Court and the parties agreed to delay post-hearing briefing on the Motion to Dismiss [27] until after these cases were decided.

On June 25, 2014, the Supreme Court decided the question in *Riley v. California*, 573 U.S. __, 124 S.Ct. 2473 (2014). Generally, the Court held that,

absent exigent circumstances, the warrantless search of an arrestee's cellular telephone is not authorized by the search-incident-to-arrest exception to the warrant rule. *Id.* Thus, on October 9, 2014, the prosecution filed its post-hearing brief stating simply:

> Without waiving any legal argument or justification for the search, the government has determined it will not be utilizing or relying upon any of the information obtained through the search of the four cellular telephones seized on the date of the Defendant's arrest. Accordingly, Defendant's motion is rendered moot.

[78] at 2. Defendant chose not to file a reply brief, thereby indicating no disagreement with the prosecution's proposed handling of the Motion.

Therefore, based on the prosecution's assurances in its October 9th memorandum, by which the evidence arguably subject to suppress will not be utilized in the case, the Court **RECOMMENDS** that Defendant's Motion to Suppress [27] be **DENIED** as moot.

**IT IS SO RECOMMENDED** this 20th day of October, 2014

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE